UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RUSSELL GAITHER, | ) |
| Plaintiff, | ) |
| v. | ) CV619-101 |
| MR. BOBBITT, *Head Warden*, | ) |
| Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Russell Gaither brings this 42 U.S.C. § 1983 complaint against Mr. Bobbitt, the warden of Georgia State Prison alleging that his phone access[1] is unfairly restricted. He seeks punitive and injunctive relief. Doc. 1; doc. 11. The Court screens plaintiff's Complaint under 28 U.S.C. § 1915A.[2]

---

[1] Plaintiff has also filed a "Motion for the Courts Equitable and Statutory Power to Enforce Order." Doc. 13. Although unclear, it appears that plaintiff is seeking aid in filing a different lawsuit related to the denial of his right to outdoor exercise in the Eleventh Circuit Court of Appeals. *Id.* However, that motion is not before the Court and the Court lacks the authority to direct the Court of Appeals to take plaintiff's case. To the extent he wishes to initiate a new claim in this Court, he must do so by filing a complaint. Since the Court also directs plaintiff to replead, both his pending motions seeking equitable relief, docs. 11 & 13, should be **DISMISSED AS MOOT**.

[2] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1)

I. **BACKGROUND**[3]

Gaither complains that after being put in segregation for fighting and injuring another inmate, he has been refused access to the telephone. Doc.1 at 3. He alleges that he has attempted to speak to Mr. Bobbitt about this issue on a number of occasions, but has been unable to reach him. *Id.* at 4. Plaintiff names some witnesses to this deprivation, *id.*, and provides a number of dates when he has been either denied access to the telephone, or where telephone access has been restricted to certain times in the day, doc. 12 (amended complaint). However, plaintiff does not inform the Court whether the phone calls he sought to make were for the purpose of contacting his attorney or seeking access to the Courts.

II. **ANALYSIS**

Gaither alleges that he is unable to make phone calls, although he

---

are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[3] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

neglects to tell the Court why he wishes to make those phone calls. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution . . . nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside[.]'" *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Washington v. Reno*, 35 F.3d 1093, 1099-100 (6th Cir. 1994); *see also Johnson v. Galli*, 596 F. Supp. 135, 138 (D. Nev. 1984) ("there is no legitimate governmental purpose to be attained by not allowing reasonable access to the telephone, and . . . such use is protected by the First Amendment."). But inmates do not have a "right to unlimited telephone use." *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)).

Instead, a prisoner's right to telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1563-64 (D. Kan. 1993).

The problem with plaintiff's complaint is that it is not clear, particularly when considering his amendment, why he is being denied access to a telephone, or indeed, if he *actually is* being denied access to the telephone. Plaintiff's filings indicate for example that rather than being denied total access, he is instead being denied access only at certain times or on certain days. *See* doc. 12. Nor can the Court construe either a claim asserting deprivation of access to counsel or the courts because plaintiff never alleges that he was deprived of the opportunity to communicate with his counsel or with the court. *See generally Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008) (analyzing legal mail violation under both access to courts and free speech). He also does not assert that he has suffered some harm as a result of his lack of telephone access. Thus, he could not assert a viable access-to-courts claim, even supposing the Court could discern such a claim from the pleading. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) ("The actual injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access.").

Finally, it is unclear to the Court that plaintiff is suing the correct individual. He alleges that Mr. Bobbitt is the Warden, and he alleges

that he *tried* to talk to him about the phone issues. But this is not enough. § 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *see also Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant cause a legal wrong."). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Allegations of defendants' mere supervisory roles, without allegations connecting them to the allegedly unconstitutional acts/omissions of the Complaint, are insufficient to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted). As a result, plaintiff's complaints, as currently constituted, are insufficient to proceed against Mr. Bobbitt.

Despite these issues, all is not lost for plaintiff. Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). That is the case here. Accordingly, plaintiff shall have thirty days from the date of this Order to file an amended complaint addressing the errors detailed above. However, plaintiff is warned that any amended complaint will supersede the original complaint and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts

the earlier pleadings"). Failure to file an amended complaint will result in a recommendation of dismissal.

## III.  CONCLUSION

In sum, plaintiff shall have thirty days from the date of this Order to file an Amended Complaint. Because the Court determines that plaintiff's complaint as currently pleaded fails to state a claim, his motions for injunctive relief, doc. 11 & 13, should be **DISMISSED AS MOOT**. Meanwhile, it is time for plaintiff to pay his filing fees. Plaintiff's prisoner trust fund account statement reflects $0 in average monthly deposits and a $0 average monthly balance. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). However, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial

information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order. A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO ORDERED and REPORTED AND RECOMMENDED**, this 27th day of July, 2020.

                                          */s/ Christopher L. Ray*
                                          CHRISTOPHER L. RAY
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA