UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RUSSELL GAITHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV619-101 |
| MR BOBBITT, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Court previously entered a Report and Recommendation (R&R) recommending that this claim be dismissed for plaintiff's failure to file an amended complaint, despite an order to do so. Doc. 16. Plaintiff has now filed a motion for leave to amend his complaint. Doc. 21. The Court, however, has become aware that plaintiff is barred from proceeding in this matter *in forma pauperis* (IFP) under 28 U.S.C. 1915(g) and has provided misleading information as to his litigation history. The Court, therefore, **VACATES** its prior R&R, doc. 14, and grant of IFP status, doc. 7. It further **RECOMMENDS** that the motion to proceed IFP be **DENIED** and this case be **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g). The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As this Court has previously recognized, plaintiff has accumulated three prior strikes. *Gaither v. Archar, et al.*, CV 3:16-010, doc. 12 at 2–3 (S.D. Ga. Feb. 18, 2016) *adopted by* doc. 18 (April 26, 2016); *see also Gaither v. Brown, et al.*, CV 1:16-073, doc. 10, at 3–4 (M.D. Ga. June 30, 2016) (recognizing that plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g)). The dismissed cases identified include *Gaither v. Archar*, 2015 WL 5046734 (S.D. Ga. Aug. 25, 2015); *Gaither v. Pullin*, CV5:14-260, doc. 6 (M.D. Ga. Aug. 21, 2014); and *Gaither v. Chapman*, CV3:13-125, doc. 5 (M.D. Ga. Dec. 9, 2013).

In *Gaither v. Archar*, plaintiff's initial complaint was ostensibly an effort to appeal an unfavorable ruling of the Eleventh Circuit. *Archar*, CV3:15-043, doc. 1 (S.D. Ga. May 13, 2015). Though plaintiff took

advantage of an opportunity to amend his complaint to raise fresh claims, in doing so, he disregarded the clear instructions of the Court regarding page limitations and misrepresented his prior litigation history. *Gaither v. Archar*, 2015 WL 4578245, at * 2–4 (S.D. Ga. Jul. 15, 2015).

As in this case, plaintiff was directed to disclose any cases previously filed that involve the same facts as his then pending litigation. *Archar*, CV3:15-043, doc. 14 at 1 (S.D. Ga. Jun. 26, 2015). He disclosed a single case, *Gaither v. Myers*, CV4:13-133 (M.D. Ga. May 10, 2013), which was completely unrelated to his allegations against Archar. *Archar*, CV3:15-043, doc. 14 at 1 (S.D. Ga. Jun. 26, 2015). He neglected, however, to disclose *Gaither v. Pullin*, CV5:14-260 (M.D. Ga. Jul. 11, 2014), which was based on many overlapping facts and dismissed for failure to state a claim, and its appeal, *Gaither v. Pullin*, No. 14-14846 (11th Cir. Oct. 27, 2014), which was also dismissed. Plaintiff's disregard for the Court's order and effort at deceit resulted in dismissal of the case. *Gaither v. Archar*, 2015 WL 5046734 (S.D. Ga. Aug. 25, 2015). Though not among the grounds enumerated in § 1915(g)—frivolous, malicious, or failing to state a claim— dismissal based on the concealment of prior litigation or other misrepresentations is an abuse of the judicial process and qualifies as a

strike under § 1915(g). *See Ingram v. Warden*, 735 F. App'x. 706, 707 (11th Cir. 2018) (upholding a district Court's dismissal of a complaint and assessment of a strike where prisoner did not disclose his complete litigation history); *Pinson v. Grimes*, 391 F. App'x. 797, 798–99 (11th Cir. 2010) (upholding a district court's finding that failure to disclose prior cases was abuse of judicial process and a strike).

In *Gaither v. Pullin*, plaintiff brought a § 1983 suit for denial of medical care and deliberate indifference against Johnson State Prison and multiple prison employees. *Gaither v. Pullin*, CV5:14-260, doc. 6 (M.D. Ga. Aug. 21, 2014). In dismissing the complaint for failure to state a claim, the Middle District of Georgia confirmed that the dismissal qualified as a strike for purposes of 28 U.S.C. § 1915(g). *Pullin*, CV5:14-260, doc. 6 at 15 (M.D. Ga. Aug. 21, 2014).

In *Gaither v. Chapman*, plaintiff alleged that the use of a stun gun by prison staff constituted excessive force, that his personal property was improperly taken, and that his conviction was based on false testimony. *See generally, Chapman*, CV3:13-125, doc. 1 (M.D. Ga. Nov. 18, 2013). The Middle District of Georgia found that plaintiff failed to state a claim on his allegations of excessive force because they were time-barred and had

previously be resolved on the merits in a prior litigation. *Chapman*, CV3:13-125, doc. 5 at 2–3 (M.D. Ga. Dec. 9, 2013). The remaining claims were also dismissed as plaintiff failed to exhaust available administrative remedies and sought relief unavailable under § 1983.

The PLRA does provide an exception to this restriction if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Plaintiff has made no claim of imminent physical threat and the Court struggles to image how such as claim might be made where the basis of his complaint is a challenge to the infrequent supply of writing materials. As plaintiff has accumulated

at least three strikes under the Prison Litigation Reform Act, his motion to proceed IFP is should be **DENIED** and the complaint **DISMISSED**.

Dismissal is also warranted as plaintiff has again elected to not fully disclose his prior litigation history, evidencing an intent to mislead the Court.[1] *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) (Denying plaintiff's IFP application on appeal "because her allegation of poverty appear[ed] to be untrue in light of her financial affidavit and filings in the district court."). When asked to disclose any prior lawsuits, plaintiff identified only three cases. Doc. 1 at 1. Absent from this disclosure were the three cases discussed above and several others from multiple federal courts.[2] Plaintiff's lack of probity

---

[1] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[2] A search "Russell Gaither" in the Public Access to Court Electronic Records (PACER) database reveals 32 cases filed by plaintiff. A few of these cases appear to be duplicative, having been filed in one district and then transferred to another.

alone justifies dismissal of this complaint.

Accordingly, the Court **RECOMMENDS** that plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED**. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of November, 2020.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA